17-858
*United States v. Williams*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 12th day of April, two thousand eighteen.

Present:
> ROBERT A. KATZMANN,
> *Chief Judge*,
> ROSEMARY S. POOLER,
> SUSAN L. CARNEY,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                                       No. 17-858

SIHEEM WILLIAMS, AKA BLACK,

> *Defendant-Appellant*.*

---

For Defendant-Appellant:                    Thomas J. Melanson, Melanson Law Office,
                                                           P.C., Kingston, NY.

---

* The Clerk of Court is directed to amend the official caption as set forth above.

| For Defendants-Appellees: | Michael F. Perry, Assistant United States Attorney, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, NY. |
|---|---|

Appeal from the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Siheem Williams appeals the judgment of conviction entered by the district court on March 13, 2017. Williams was convicted, after a jury trial, of one count of conspiracy to possess with the intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B) and three counts of distribution and possession with the intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), (b)(1)(C). Williams' contentions on appeal focus on evidentiary rulings the district court made during cross-examination of J.P., the government's cooperating witness. We assume the parties' familiarity with the facts and procedural history of this case, as well as the issues on appeal.[1]

Williams first argues that the district court's ruling that he could not elicit the statutory name of J.P.'s reckless manslaughter conviction violated the Confrontation Clause of the Sixth Amendment. "We review a district court's decision to restrict cross-examination for abuse of

---

[1] We note that, during voir dire, the district court engaged in an extended colloquy with a potential juror in open court regarding the wisdom and workability of federal drug laws. *See* App'x 168–72; Trial Tr. 79–83. Williams' counsel raised no objection at the time and does not argue on appeal that the conversation interfered with his client's right to a fair trial. As a matter of prudent practice, however, we encourage the district court in the future to engage in such discussions with potential jurors—to the extent they are necessary at all—at sidebar, so as to avoid inadvertently suggesting to the entire jury pool that it supports conviction of the defendant so charged.

discretion, even where the basis for challenging those restrictions is the Confrontation Clause." *United States v. Treacy*, 639 F.3d 32, 42 (2d Cir. 2011). "[A] criminal defendant states a violation of the Confrontation Clause by showing that he was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness . . . ." *Delaware v. Van Arsdall*, 475 U.S. 673, 680 (1986). However, "the Confrontation Clause guarantees only 'an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" *Kentucky v. Stincer*, 482 U.S. 730, 739 (1987) (quoting *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985)). Here, the district court acted within its discretion in limiting the scope of cross-examination because Williams was permitted to thoroughly impeach J.P.'s credibility despite the district court's modest limitations. *See United States v. Estrada*, 430 F.3d 606, 621–22 (2d Cir. 2005).[2]

Williams next argues that the district court erred by refusing to strike J.P.'s direct testimony after J.P. invoked the Fifth Amendment privilege against self-incrimination during cross-examination. At trial, J.P. invoked the Fifth Amendment when Williams sought to question him regarding heroin that he had illegally sold while he was cooperating with the government. "[T]his Court has recognized that in some instances a defendant's sixth amendment right to confrontation will be denied as a result of a witness' invocation of his or her fifth amendment

---

[2] We deem waived any argument by Williams that the district court's ruling also violated Rule 609 of the Federal Rules of Evidence because Williams failed to make out that argument in sufficient detail in his opening brief. *See Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001) ("It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (internal quotation marks omitted)). In any event, the district court's exclusion of the statutory name of Williams' manslaughter offense, after conducting a reasonable balancing analysis, was an appropriate exercise of discretion. *See* Fed. R. Evid. 609; *see also Estrada*, 430 F.3d at 617–21.

privilege against self-incrimination." *Bagby v. Kuhlman*, 932 F.2d 131, 135 (2d Cir. 1991). "[T]estimony should ordinarily be stricken when the invocation of the privilege against self-incrimination prevents the defendant from cross-examining the witness with respect to his credibility regarding the specific details of his direct testimony." *Treacy*, 639 F.3d at 45. However, the witness's direct testimony should not be stricken if the witness asserts the privilege regarding "collateral" matters bearing solely on the witness's credibility. *United States v. Brooks*, 82 F.3d 50, 54 (2d Cir. 1996); *United States v. Cardillo*, 316 F.2d 606, 611 (2d Cir. 1963). Here, the district court correctly refused to strike J.P.'s direct testimony because J.P.'s heroin dealing had no bearing on his direct testimony against Williams and related only to J.P.'s general credibility. *See Brooks*, 82 F.3d at 55; *Dunbar v. Harris*, 612 F.2d 690, 693–94 (2d Cir. 1979).

Finally, Williams argues that the district court's limitations on cross-examination violated his due process right to a fair trial. *See Chambers v. Mississippi*, 410 U.S. 284, 294 (1973) ("The rights to confront and cross-examine witnesses and to call witnesses in one's own behalf have long been recognized as essential to due process."). However, the district court's careful and considered limitations on cross-examination in this case did not violate the Due Process Clause for the same reasons they did not violate the Confrontation Clause.

We have considered Williams' remaining arguments and find them without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4